**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL DAVID SHAW,

                    Plaintiff,

v.                                              No. 12-CV-1281
                                                   (FJS/CFH)

S. PRINDLE, Correction Officer; RUSSO,
Captain, Acting Deputy Superintendent
of Security; and ROLLIN LARKIN,
Superintendent,

                    Defendants.[1]

---

**APPEARANCES:**                     **OF COUNSEL:**

MICHAEL DAVID SHAW
05-A-0177
Plaintiff Pro se
Eastern NY Correctional Facility
Box 338
Napanoch, New York 12458


HON. ERIC T. SCHNEIDERMAN         KEVIN M. HAYDEN, ESQ.
Attorney General for the              Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

---

[1] By Memorandum-Decision and Order dated November 19, 2012, Shaw's complaint was dismissed with leave to amend for failure to state a claim. Dkt. No. 8. Shaw filed an amended complaint on December 10, 2012. Dkt. No. 9. By Memorandum-Decision and Order dated December 18, 2012, all allegations in Shaw's amended complaint were dismissed with prejudice except for "Count 1" against defendants Prindle, Larkin, and Russo. Dkt. No. 10.

**REPORT-RECOMMENDATION AND ORDER**[2]

Plaintiff pro se Michael David Shaw ("Shaw"), an inmate in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, three DOCCS employees, violated his constitutional rights under the Eighth Amendment.[3] Am. Compl. (Dkt. No. 9). Presently pending is defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Dkt. No. 25. Shaw opposes the motion. Dkt. No. 29. Defendants have filed a reply to Shaw's opposition. Dkt. No. 30. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

On November 11, 2011, defendant Prindle "viciously assaulted [Shaw] sexually" during a routine pat frisk. Am. Compl. at 3. Prindle ordered Shaw to enter the "search shack," where Shaw walked through a metal detector. Id. Prindle ordered Shaw to remove his sweatshirts, then conducted a pat frisk of Shaw's upper body. Id. After a few minutes, Prindle told Shaw to remove his boots and thoroughly searched Shaw's feet. Id. Shaw alleges that at this time, Prindle "continuously and viciously fond[led] and squeez[ed

---

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[3] In Shaw's amended complaint, additional constitutional violations were alleged under the Fourth and Fourteenth Amendments. However, as indicated, the only remaining claims in this action are Eighth Amendment claims based on a pat-frisk. Dkt. No. 10. Allegations of sexual abuse or assault in the prison setting are more appropriately analyzed under the Eighth Amendment. See generally, Boddie v. Schnieder, 105 F.3d 857, 860–61 (2d Cir. 1997). Therefore, the Court addresses Shaw's remaining claims under the Eighth Amendment.

2

Shaw]'s groin and crotch areas." Id. This prompted Shaw to push off the wall and ask Prindle, "what was [your] problem." Id. The abuse lasted approximately twenty minutes. Id. Prindle's conduct caused Shaw "immediate physical pain in his left foot, which has since subsided," and "extreme emotional distress, sleeplessness, mental anguish, insecurity, anxiety, fear, and humiliation." Id.

Shaw contends that defendants Superintendent Larkin and Captain Russo "knowingly and willingly allow[ed] the actions of defendant S. Prindle to continuously violate [his] Civil and Constitutional rights." Am. Compl. at 3–4. Shaw further alleges that Larkin and Russo were aware that there were "sexual complaints against defendant S. Prindle [over] the course of several years." Id. at 4. Shaw has knowledge of twenty-one separate incidents involving Prindle and his sexually motivated pat-frisk and strip searches. Shaw Resp. (Dkt. No. 29) at 8. Shaw has filed formal complaints against Prindle based on sexually inappropriate conduct. Am. Compl. at 4.

## II. Discussion

Shaw contends that his Eighth Amendment rights against cruel and unusual punishment were violated when defendant Prindle sexually abused him during a pat frisk. Shaw also contends that defendants Russo and Larkin violated his Eighth Amendment rights when they failed to protect him from the sexual abuse. Defendants contend that Shaw fails to plead a constitutional violation against defendant Prindle in which relief can be granted. As a result, the claims against defendants Russo and Larkin are rendered moot.

## A. Legal Standard

"The standard for granting a Rule 12(c) motion . . . is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted). Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009). However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "plausible on its face." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted). Determining whether plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 680.

Consideration of a motion to dismiss "is limited to the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any

4

documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (citations omitted).  However, there are instances where the court may consider documents outside those previously referenced, including when the documents are only "partially quoted in [the] complaint . . .; integral to [the] complaint . . .; [or] relied upon . . . in drafting the complaint . . . ." Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006) (internal quotation marks and citations omitted).  Specifically, the following documents may be considered when construing a complaint's pleading sufficiency:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, . . . and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

Weiss v. Incorp. Village of Sag Harbor, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011) (citations omitted).

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest.  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations or arguments that the submissions themselves do not suggest that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

5

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)).  It follows that,

> the mandate to read the papers of pro se litigants generously makes it appropriate to consider a plaintiff's paper in opposition to a defendant's motion to dismiss as effectively amending the allegations of the plaintiff's complaint, to the extent that those factual assertions are consistent with the allegations of the plaintiff's complaint.

Robles v. Bleau, No. 07-CV-0464, 2008 WL 4693153, at *6 & n.41 (N.D.N.Y. Oct. 22, 2008) (collecting cases) (attached to this report-recommendation).

### B. Eighth Amendment

The Eighth Amendment protects prisoners from cruel and unusual punishment at the hands of prison officials.  Wilson v. Seiter, 501 U.S. 294, 297 (1991).  This protection is violated by a prison official when:  (1) the alleged deprivation is "objectively, sufficiently serious;" and (2) it is shown the prison official had a "sufficiently culpable state of mind."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

#### 1. Sexual Abuse

The Second Circuit has held that "[s]exual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm."  Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997).  Therefore, it has been established "that severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently

serious' enough to constitute an Eighth Amendment violation." Id.  Moreover, as "sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose," the act of abusing an inmate indicates that the prison official perpetrating the abuse can "have a sufficiently culpable state of mind to violate the prisoner's constitutional rights." Id.

In this case, Shaw has failed to plausibly allege a sexual abuse claim against Prindle. Shaw's allegation against Prindle consists of an isolated incident that does not rise to the level of harm contemplated by the Eighth Amendment.  Assuming Shaw's allegations are true, the single incident in which Prindle fondled and squeezed Shaw's groin area was clearly improper; however, it does not violate contemporary standards of decency, nor does it cause physical or psychological harm. See e.g., Boddie, 105 F.3d at 860–62 (dismissing claim pursuant to Fed. R. Civ. P. 12(b)(6) based on several incidents of sexual harassment including verbal conduct and touching of genitals); Wellington v. Langendorf, No. 12-CV-1019 (FJS/DEP), 2013 WL 3753978, at *18–20 (N.D.N.Y. July 15, 2013) (Dkt. No. 30-8 at 5–6) (dismissing sexual harassment claim involving two incidents where plaintiff refused to show defendant his penis and defendant touched plaintiff's buttocks during a pat frisk); Sanders v. Gifford, No. 11-CV-0326 (LEK/RFT), 2011 WL 1792589, at *3–4 (N.D.N.Y. Apr. 5, 2011) (Dkt. No. 25-7 at 2–3) (finding a singular incident of groping plaintiff's testicles, causing severe pain and suffering, does not violate contemporary standards of decency); Irvis v. Seally, No. 09-CV-543 (GLS/ATB), 2010 WL 5759149, at *1, 4 (N.D.N.Y. Sept. 2, 2010) (Dkt. No. 25-3 at 2, 6–7) (dismissing harassment claim based on three separate strip search incidents where defendant touched plaintiff's crotch and buttocks).  As such, even accepting Shaw's allegations as true, his Eighth Amendment claim against Prindle cannot withstand defendants' motion. Selevan, 584 F.3d at 88.

Accordingly, defendants' motion on this ground should be granted.

### 2. Failure to Protect

Eighth Amendment obligations also include the duty to protect prisoners from other known harms. Farmer v. Brennan, 511 U.S. 825, 829 (1970); Matthews v. Armitage, 35 F. Supp. 2d 121, 124 (N.D.N.Y. 1999) (citations omitted). "The Constitution does not mandate comfortable prisons but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer, 511 U.S. at 832. Where the inmate is alleging "a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. Id. at 834 (citing Helling, 509 U.S. 25, 31–32 (1993)); see also Matthews, 36 F. Supp. 2d at 124 (same).

As with other Eighth Amendment claims, a "plaintiff must satisfy both an objective . . . and subjective test." Jolly v. Coughlin, 76 F.3d 468, 480 (2d Cir. 1996) (citations omitted). In order to state a cognizable failure to protect claim, (1) "the inmate [must be] incarcerated under conditions imposing a substantial risk of serious harm," and (2) the prison official must "know of and disregard an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Matthews, 36 F. Supp. 2d 121, 124–25 (N.D.N.Y. 1999) (citing Farmer, 511 U.S. at 834) (quotation marks and citations omitted).

This may be demonstrated by defendants knowing that "there was [some]thing about [Shaw], as distinguished from the prison population at large, that the . . . [d]efendants

8

should have known placed [Shaw] at special risk of sexual assault by a corrections officer." Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 164 (S.D.N.Y. 2009) (citations omitted). Additionally, this may be shown if defendants "knew or should have known that . . . corrections officers . . . were prone to committing sexual assault against inmates, or, more generally, that DOC[C]S officials tolerated or permitted illegal sexual assault against inmates." Id. (citations omitted).

Here, Shaw's failure to protect claims against defendants Larkin and Russo must also fail. First, since Shaw's sexual abuse claim against Prindle cannot survive defendants' motion, Shaw's failure to protect claims against Larkin and Russo are rendered moot. See Hilson v. Maltese, No. 09-CV-1373 (NAM/ATB), 2012 WL 6965105, at *29 (N.D.N.Y. Dec. 14, 2012) (Dkt. No. 25-2 at 10) ("Because of this court's conclusion that no Eighth Amendment violation occurred, this court need not address plaintiff's claim that certain defendants failed to intervene to protect him from such purported violations . . . .").

Second, even assuming Shaw has alleged a claim against Prindle, Shaw's conclusory allegations against Larkin and Russo do not plausibly state a claim. Shaw alleges that Larkin and Russo were aware of the sexual complaints filed against Prindle over the course of several years. However, merely writing letters and grievances to a defendant is insufficient to establish notice and personal involvement. Smart v. Goord, 441 F. Supp. 2d 631, 643 (S.D.N.Y. 2006) ("Commissioner . . . cannot be held liable on the sole basis that he did not act in response to letters of protest sent by [plaintiff] . . . ."). Similarly, receipt of a letter or grievance, without personally investigating or acting on the letter or grievance, is insufficient to establish personal involvement. See, e.g., Rivera v. Fischer, 655 F. Supp. 2d 235, 238 (W.D.N.Y. 2009) (citing cases); Boddie v. Morgenthau, 342 F. Supp. 2d 193, 203

(S.D.N.Y. 2004) ("While mere receipt of a letter from a prisoner is insufficient to establish individual liability . . . [p]ersonal involvement will be found . . . where a supervisory official receives and acts on a prisoner's grievance or otherwise reviews and responds to a prisoner's complaint."). Shaw neither specifies when those complaints were filed nor proffers any factual allegations going to whether Larkin and Russo had investigated or acted on those complaints. For the above reasons, Shaw has failed to allege failure to protect claims against Larkin and Russo.

Accordingly, defendants' motion on this ground should be granted.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion for judgment on the pleadings (Dkt. No. 25) be **GRANTED** on all claims against all defendants and Shaw's amended complaint (Dkt. No. 9) be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: December 4, 2013
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge