**MICHAEL DAVID SHAW,**

                     **Plaintiff,**

              v.                                    9:12-CV-1281
                                                    (FJS/CFH)

**S. PRINDLE, Correction Officer; RUSSO, Captain,
Acting Deputy Superintendent of Security; and
ROLLIN LARKIN, Superintendent,**

                     **Defendants.**

**APPEARANCES**                                                **OF COUNSEL**

**MICHAEL DAVID SHAW**
**05-A-0177**
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **KEVIN M. HAYDEN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224-0341
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging, among other things, that Defendants had violated his constitutional rights under the Eight Amendment. *See* Dkt. No.

9, Amended Complaint.[1] Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, *see* Dkt. No. 25, which Plaintiff opposed, *see* Dkt. No. 30. In a Report-Recommendation and Order dated December 4, 2013, Magistrate Judge Hummel recommended that this Court grant Defendants' motion. *See generally* Dkt. No. 31. Plaintiff filed objections to this recommendation. *See generally* Dkt. No. 32.

## II. DISCUSSION

A. **Standard of review**

*1. Review of report-recommendation*

When a party makes specific objections to portions of a magistrate judge's report and recommendation, the court conducts a *de novo* review of those recommendations. *See Trombley v. Oneill*, No. 8:11-CV-0569, 2011 WL 5881781, *2 (N.D.N.Y. Nov. 23, 2011) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). Where a party makes only conclusory or general objections, however, the court reviews the report and recommendation for "clear error" only. *See Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 1794741, *1 (N.D.N.Y. June 23, 2009) (quotation omitted). After conducting the appropriate review, a district court may decide to accept, reject or modify those recommendations. *See Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. Sept. 29, 2009) (quoting 28 U.S.C. § 636(b)(1)(C)).

---

[1] By Memorandum-Decision and Order dated November 19, 2012, the Court dismissed Plaintiff's original complaint for failure to state a claim and provided Plaintiff with an opportunity to amend his complaint. *See* Dkt. No. 8. Plaintiff filed an amended complaint on December 10, 2012. *See* Dkt. No. 9. By Memorandum-Decision and Order dated December 18, 2012, the Court dismissed all allegations in the amended complaint with prejudice except for "Count 1" against Defendants Prindle, Larkin, and Russo. *See* Dkt. No. 10.

-2-

In light of Plaintiff's filing of objections, as well as his *pro se* status, the Court has conducted a *de novo* review of Magistrate Judge Hummel's Report-Recommendation and Order. Having completed that review, for the following reasons, the Court accepts in part, and rejects in part, his recommendations.

### *2. Motion for judgment on the pleadings*

"The standard for granting a Rule 12(c) motion . . . is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted). Thus, when considering such a motion, a court must "'construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor.'" *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (quotation omitted). However, this "'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quotation omitted). Therefore, to survive a motion to dismiss, a complaint must state a claim for relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,] 570, 127 S. Ct. 1955 [(2007)]).

Furthermore, consideration of a motion to dismiss "is [generally] limited to the facts asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). There are circumstances, however, in which a court may consider documents other than these, including documents that

are only "'partially quoted in [the] complaint . . .'; '"integral" to [the] complaint . . .'; [or] 'relied upon . . . in drafting the complaint . . . .'" *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (quotations omitted). Moreover, when the case involves a *pro se* litigant, the court must construe his pleadings liberally and read his papers "in opposition to a defendant's motion to dismiss as effectively amending the allegations in [his] complaint, to the extent that those factual assertions are consistent with the allegations of [his] complaint." *Robles v. Bleau*, No. 07-CV-0464, 2008 WL 4693153, *6 & n.41 (N.D.N.Y. Oct. 22, 2008).

**B.     Plaintiff's amended complaint**

In his amended complaint, Plaintiff, who at the time of the incident was an inmate at the Eastern New York Correctional Facility, asserts that, on November 11, 2011, at the end of the morning recreation period, Defendant Prindle told him to step into the search shack and, once in the shack, to walk through the metal detector. *See* Amended Complaint at ¶ 12. Then Defendant Prindle told him to take off his hooded sweatshirt and regular sweatshirt, which he did. *See id.* Defendant Prindle then commenced his alleged routine pat frisk by searching Plaintiff's upper body. *See id.* After a few minutes, Defendant Prindle had Plaintiff remove his boots and then he very throughly searched Plaintiff's feet. *See id.* Furthermore, Plaintiff asserts that

> [D]efendant S. Prindle commenced to sexually assault [P]laintiff . . . by continuously and viciously fondling and squeezing [P]laintiff's groin and crotch areas, in the presence of several correction officers, who are not defendants in this matter, and could have but chose not to restrain [D]efendant S. Prindle. The search became so intense that [P]laintiff came off the wall and asked [D]efendant S. Prindle what was his problem. The alleged routine pat frisk lasted approximately twenty minutes.

-4-

*See id.*

Plaintiff contends that Defendant Prindle viciously sexually assaulted him, "a malicious act [that] caus[ed] [P]laintiff immediate physical pain in his left foot, which has since subsided, extreme emotional distress, sleeplessness, mental anguish, insecurity, anxiety, fear, and humiliation, as a direct result of [D]efendant's conduct." *See id.* at ¶ 13.

In addition, Plaintiff alleges that Defendants Larkin and Russo, as well as their lieutenants and sergeants, were grossly negligent in "knowingly and willingly allowing the actions of [D]efendant S. Prindle to continuously violate the Civil and Constitutional rights of [P]laintiff, based on all of the sexual complaints against [D]efendant S. Prindle of [sic] the course of several years." *See id.* at ¶ 14(a). Furthermore, he contends that Defendants Larkin and Russo "failed to remedy [his] claims, which is a long standing issue presented by way of formal and grievance complaints." *See id.* at ¶ 14(b). Finally, Plaintiff asserts that he knows about twenty-one separate incidents involving Defendant Prindle and his sexually motivated pat-frisk and strip searches. *See* Dkt. No. 29 at 8.

A prison inmate's claim that a corrections officer sexually abused him is cognizable under 42 U.S.C. § 1983, and a court analyzes such a claim under the Eighth Amendment. *See Boddie v. Schneider*, 105 F.3d 857, 860-61 (2d Cir. 1997). The Eighth Amendment sets "the constitutional boundaries on the conditions of imprisonment," *id.* at 861, and prohibits punishments that "are incompatible with 'the evolving standards of decency that mark the progress of a maturing society,'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quotation and other citations omitted). "'After incarceration, only the "'unnecessary and wanton infliction of pain'" . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" *Whitley v.*

*Albers*, 475 U.S. 312, 319 (1986) (quotation omitted). Although the Constitution does not mandate comfortable prisons, neither does it tolerate the inhumane treatment of those in confinement. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Claims arising under the Eighth Amendment must satisfy two requirements. *See Boddie*, 105 F.3d at 861. First, the alleged punishment must be "objectively, sufficiently serious." *Farmer*, 511 U.S. at 834; *accord, Boddie*, 105 F.3d at 861. Second, the defendant corrections officer must have acted with a "'sufficiently culpable state of mind.'" *Farmer*, 511 U.S. at 834. Since the Eighth Amendment governs claims of sexual abuse in the prison context, a plaintiff asserting such a claim must satisfy both the objective and subjective elements of the constitutional test. *See Boddie*, 105 F.3d at 861.

In analyzing the objective element of such a claim, the Second Circuit has stated that a correction officer's "severe or repetitive" sexual abuse of a prisoner "has no legitimate penological purpose, and is 'simply not part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* (quotation omitted). With respect to the subjective element of such a claim, "[w]here no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 998-99, 117 L. Ed. 2d 156 (1992)).

Magistrate Judge Hummel found that Plaintiff had not met the objective prong under *Boddie* in that he "ha[d] failed to plausibly allege a sexual abuse claim against [Defendant] Prindle" because his claim "consist[ed] of an isolated incident that d[id] not rise to the level of harm contemplated by the Eighth Amendment." *See* Dkt. No. 31 at 7. He also concluded that,

"[a]ssuming [Plaintiff]'s allegations are true, the single incident in which [Defendant] Prindle fondled and squeezed [Plaintiff's] groin area was clearly improper; however, it d[id] not violate contemporary standards of decency, nor d[id] it cause physical or psychological harm." *See id.* (citing *Boddie*, 105 F.3d at 860-62 (dismissing claim pursuant to Fed. R. Civ. P. 12(b)(6) based on several incidents of sexual harassment including verbal conduct and touching of genitals); *Wellington v. Langendorf*, No. 12-CV-1019 (FJS/DEP), 2013 WL 3753978, at *18-20 (N.D.N.Y. July 15, 2013) (Dkt. No. 30-8 at 5-6) (dismissing sexual harassment claim involving two incidents where plaintiff refused to show defendant his penis and defendant touched plaintiff's buttocks during a pat frisk); *Sanders v. Gifford*, No. 11-CV-0326 (LEK/RFT), 2011 WL 1792589, at *3-4 (N.D.N.Y. Apr. 5, 2011) (Dkt. No. 25-7 at 2-3) (finding a singular incident of groping plaintiff's testicles, causing severe pain and suffering, does not violate contemporary standards of decency); *Iris v. Seally*, No. 09-CV-543 (GLS/ATB), 2010 WL 5759149, at *1, 4 (N.D.N.Y. Sept. 2, 2010) (Dkt. No. 25-3 at 2, 6-7) (dismissing harassment claim based on three separate strip search incidents where defendant touched plaintiff's crotch and buttocks)).

The Court has reviewed the cases that Magistrate Judge Hummel cited and finds that the factual circumstances in those cases are distinguishable from those that Plaintiff alleges in this case. None of the plaintiffs in those cases asserted that the abuse continued for an extended period of time, and most of them did not complain about suffering extreme pain and/or humiliation as a result of the incidents in question. To the contrary, Plaintiff alleges that Defendant Prindle "continuously and viciously fondling and squeezing [P]laintiff's groin and

crotch areas . . . [for] approximately twenty minutes." *See* Amended Complaint at ¶ 12.[2] Furthermore, Defendant Prindle did not conduct this "pat frisk" in private, but, rather, according to Plaintiff "in the presence of several correction officers." *See id.*

The Court finds the reasoning in *Lewis v. Fischer*, No. 08-CV-3027, 2009 WL 689803 (E.D.N.Y. Mar. 12, 2009), a factually similar case, instructive. In that case, the plaintiff alleged that a corrections officer had sexually assaulted him during a pat down in violation of the Eighth Amendment. *See id.* at *1. According to the plaintiff, the corrections officer "performed an aggressive body search" of him, culminating with the corrections officer "putting his hand into [the plaintiff's] pants and fondling his penis and squeezing his testicles, which caused [the plaintiff] severe pain." *Id.* When the plaintiff asked the corrections officer what he was doing, the corrections officer told him to "Shut up and face the wall" and then continued to abuse him for another ten seconds. *Id.* The plaintiff complained that he suffered great physical pain as well as humiliation and embarrassment as a result of the corrections officer's conduct and that he "continue[d] to suffer from flashbacks of the incident and nightmares of officer gang rape[;] . . . remain[ed] afraid of walking down hallways and of being assaulted again." *Id.*

In *Lewis*, the court found that the conduct about which the plaintiff complained was "dissimilar to that in *Boddie*." *Id.* at *5. Unlike in *Boddie*, where the plaintiff had "'assert[ed] a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against,' in a provocative manner without his consent . . . [h]ere, the conduct at issue involve[d] more than mere non-consensual touching or pressing on top of the clothes . . . ." *Id.* The court

---

[2] Plaintiff alleges that this "search became so intense that [he] came off the wall and asked [D]efendant S. Prindle what was his problem." *See* Amended Complaint at ¶ 12.

also noted that the plaintiff alleged "that his pat down was neither routine nor based on a search for weapons or contraband, but rather was harassment and punishment imposed upon him for objecting to being rudely questioned by [the corrections officer]. In addition the alleged assault took place in a hallway, rather than a private setting . . . [and the plaintiff alleged] that he suffered humiliation, physical pain, . . . and subsequent psychological harm." *Id.* Based on all of these allegations, the court concluded that, based on the suggestion in *Boddie* "that even a single incident [could] be actionable under the Eight Amendment provided it [was] 'severe enough to be objectively, sufficiently serious,' [*Boddie*], 105 F.3d at 861," the plaintiff had satisfied this standard. *Id.*

With respect to the subjective component of the plaintiff's Eighth Amendment claim, the *Lewis* court found that the corrections officer's abuse of the plaintiff was "sufficient evidence of the subjective prong because, based on the facts alleged, it evinces [the corrections officer's] 'unnecessary and wanton infliction of pain' on the plaintiff and does not relate to a justified search." *Id.* at *6 (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Turner v. Huibregtse*, 421 F. Supp. 2d 1149, 1151-52 (W.D. Wis. 2006) ("[G]rabbing a prisoner's buttocks and fondling his penis do not advance any legitimate security interest. Plaintiff has alleged sufficient facts to state a claim that defendant . . . searched him in a harassing manner intended to humiliate and inflict psychological pain.")).

The Court is mindful that it must liberally construe a *pro se* litigant's allegations and draw all reasonable inferences in his favor. Moreover, this is a motion for judgment on the pleadings; and, therefore, the Court must accept as true all of the well-pleaded factual allegations in Plaintiff's complaint. In light of these pleading standards, the Court finds that Plaintiff has

alleged sufficient facts to state a plausible Eighth Amendment claim against Defendant Prindle based on his alleged sexual assault of Plaintiff on November 11, 2011.[3] Thus, the Court rejects Magistrate Judge Hummel's recommendation regarding this claim and denies Defendants' motion for judgment on the pleadings with respect to Plaintiff's Eighth Amendment claim against Defendant Prindle.

With respect to Plaintiff's failure-to-protect claim against Defendants Larkin and Russo, however, the Court agrees with Magistrate Judge Hummel that Plaintiff has not stated a plausible claim against them. *See* Dkt. No. 31 at 8-10. Thus, for the reasons stated in Magistrate Judge Hummel's Report-Recommendation and Order, the Court grants Defendants' motion for judgment on the pleadings with respect to Plaintiff's Eighth Amendment claim against Defendants Larkin and Russo.

### III. CONCLUSION

Having reviewed the parties' submissions and the applicable law and, for the above stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Hummel's December 4, 2013 Report-Recommendation and Order is **ACCEPTED in part** and **DENIED in part**; and the Court further

**ORDERS** that Defendants' motion for judgment on the pleadings is **GRANTED** with respect to Plaintiff's Eighth Amendment claims against Defendants Larkin and Russo; and the Court further

---

[3] Although a one-time occurrence of sexually abusive conduct may not usually rise to the level of an Eighth Amendment claim, Plaintiff's allegations in his amended complaint are "objectively, sufficiently serious" to cross that threshold.

-10-

**ORDERS** that Defendants' motion for judgment on the pleadings is **DENIED** with respect to Plaintiff's Eighth Amendment claim against Defendant Prindle; and the Court further

**ORDERS** that this case is referred to Magistrate Judge Hummel for all further pretrial matters; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 7, 2014
       Syracuse, New York

                                                  Frederick J. Scullin, Jr.
                                                  Senior United States District Court Judge