**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL DAVID SHAW,

                Plaintiff,

      v.                                        No. 12-CV-1281 (FJS/CFH)

S. PRINDLE, Correction Officer; RUSSO,
Captain, Acting Deputy Superintendent
of Security; and ROLLIN LARKIN,
Superintendent,

                Defendants.[1]

---

**APPEARANCES:**                            **OF COUNSEL:**

MICHAEL DAVID SHAW
05-A-0177
Plaintiff Pro se
Eastern NY Correctional Facility
Box 338
Napanoch, New York 12458

HON. ERIC T. SCHNEIDERMAN          KEVIN M. HAYDEN, ESQ.
Attorney General for the                    Assistant Attorney General
State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[2]

Plaintiff pro se Michael David Shaw ("plaintiff"), an inmate who was, at all relevant

times, in the custody of the New York Department of Corrections and Community

---

[1] Prindle is the only remaining defendant.

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Correction Officer S. Prindle ("Prindle" or "defendant") violated his constitutional rights under the Eighth Amendment.[3]  Presently before the Court is defendant's motion for summary judgment. Dkt. No. 50.  Plaintiff opposes the motion.  Dkt. No. 52.  For the following reasons, it is recommended that defendant's motion be granted.

## II. Background

### A. Facts[4]

The facts are reviewed in the light most favorable to plaintiff as the non-moving party.

---

[3] As discussed infra, all allegations in plaintiff's amended complaint were dismissed with prejudice except for plaintiff's Eighth Amendment claim against Prindle. See Dkt. Nos. 10, 35.

[4] Local Rule 7.1(a)(3) states:

> Summary Judgment Motions
> Any motion for summary judgment shall contain a Statement of Material Facts.  The Statement of Material    Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits.
>
> The opposing party shall file a response to the Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute. *Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.*

Local Rule 7. 1(a)(3) (emphasis in original).

Defendant filed a Statement of Material Facts.  Plaintiff has not properly responded but admits the facts contain in certain paragraphs of defendant's Statement of Material Facts.  The facts set forth in this section are taken from : (1) defendant's Statement of Material Facts; (2) plaintiff's deposition transcript; and (3) defendant's affidavit. Dkt. No. 60-4 at 2-9.  To the extent that the "facts" asserted defendant in the Statement of Material Facts are supported by the record, the Court will consider them in the context of the within motion.   The facts recited are for the relevant time period as referenced in the amended complaint.

2

See subsection III (A) infra. At the time of the incident described in the amended complaint, plaintiff was confined at Eastern Correctional Facility ("Eastern C.F."). Dkt. No. 50-2 at 1.[5] Prindle, who had sixteen years of experience, was employed by DOCCS at Eastern C.F. and was working on November 11, 2011. Id. Prior to November 11, 2011, Prindle had no contact with plaintiff. Id. On November 11, 2011, Prindle observed plaintiff displaying stamps in the recreation yard.[6] Id. at 2. Upon the completion of the recreation period, Prindle escorted plaintiff to the search shack for a routine pat frisk. Dkt. No. 50-2 at 1. Plaintiff cleared the metal detector and Prindle ordered plaintiff to face the wall, untie his shoes, place his hands on the wall, and stand with his feet shoulder-width apart. Id. In addition to plaintiff and Prindle, there were approximately six or seven other officers present. Dkt. No. 50-4 at 9.[7]

Prindle directed plaintiff to remove his hood and sweatshirt.[8] Dkt. No. 50-4 at 9. Prindle commenced the pat frisk and used his hands to check along the outside of plaintiff's clothing. Id. Prindle removed plaintiff's belt and put his hands in plaintiff's waist and zipper area. Dkt. No. 50-4 at 10. Prindle asked what type of underwear plaintiff was wearing. Id. at 11. Prindle searched inside plaintiff's pants pockets and then searched plaintiff's groin and crotch, with his hands over plaintiff's clothes. Id. at 18. The search of plaintiff's rectum,

---

[5] Citations to page numbers refer to the pagination generated by CM/ECF, not the page numbers generated by the parties.

[6] Stamps are prohibited in the recreation yard because they are used to purchase items or gamble. Dkt. No. 50-5 at 2.

[7] On December 22, 2014, plaintiff testified at a deposition. Dkt. No. 50-4 at 1-57.

[8] In support of the motion herein, Prindle provided an affidavit. Dkt. No. 50-5. Prindle does not address the issue of whether he asked plaintiff to remove his hood and sweatshirt.

3

testicles and crotch lasted two to three minutes, but not more than five minutes. Dkt. No. 50-4 at 10-11, 17-19, 45. Prindle did not touch plaintiff's penis or put any part of his hand inside plaintiff's rectum. Id. at 18-19. Plaintiff was clothed during the search and the entire pat frisk was conducted above and outside plaintiff's clothing. Id. at 15, 19. At one point during the search, plaintiff "spun off the wall" and told Prindle to "calm down." Id. at 23. Plaintiff then returned to his position on the wall so that the search could continue. Dkt. No. 50-4 at 23.

Prindle declared that he conducted the pat frisk in accordance with DOCCS directives and in a professional manner. Dkt. No. 50-5 at 3. Prindle states that he, "placed the web of my left hand (the area between the thumb and index finger) into his groin." Id. Prindle further avers that he touched the outer thigh of plaintiff's legs, wrapped his fingers around the plaintiff's legs, and patted down plaintiff's ankles. Id. Prindle concedes that the frisk included a search of plaintiff's genital area and buttocks over his clothing, but claims that he did not linger or prolong his search of these areas. Id.

Upon completing the pat frisk, Prindle discovered that plaintiff was in possession of stamps in violation of prison rules.[9] Dkt. No. 50-5 at 3. The entire search – including the time it took for: plaintiff to enter the metal detector; remove his shoes, hood and sweatshirt; defendant to complete the pat frisk; and plaintiff to get dressed – took twenty minutes to complete. Dkt. No. 50-4 at 18, 25; Dkt. No. 50-2 at 4. As a result of the search, plaintiff claims he suffered pain in his left pinky toe and mental anguish. Id. at 29, 38.

---

[9] Defendant claims plaintiff possessed thirty-four stamps. Dkt. No. 50-2 at 9. Plaintiff claims he was in possession of thirty-three stamps. Dkt. No. 52-1 at 2.

4

### B. Procedural History

On August 15, 2012, plaintiff filed his complaint in this action. Dkt. No. 1. On December 13, 2012, plaintiff filed an amended complaint.[10] Dkt. No. 9. Upon review of plaintiff's amended complaint, the Court directed defendants Prindle, Rollin Larkin ("Larkin") and Russo to respond to the allegations in the amended complaint. Dkt. No. 10. On August 20, 2013, defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c) and dismissal of plaintiff's complaint. Dkt. No. 25. The Court granted the motion on behalf of Larkin and Russo and denied the motion with respect to plaintiff's Eighth Amendment claim against Prindle. Dkt. No. 35. On December 22, 2014, plaintiff appeared at a deposition. Dkt. No. 50-4. On May 4, 2015, defendant filed the within motion pursuant to Fed. R. Civ. P. 56 seeking judgment as a matter of law with respect to plaintiff's Eighth Amendment claim. Dkt. No. 50. Plaintiff opposes the motion. Dkt. No. 52.

### III. Discussion[11]

Plaintiff contends that Prindle sexually assaulted him during the pat frisk in violation of the Eighth Amendment. As a result, plaintiff suffered pain in his left foot, extreme emotional distress, sleeplessness, mental anguish, insecurity, anxiety, fear, and humiliation. See Am. Comp. at 13.

---

[10] On November 19, 2012, the Court dismissed plaintiff's complaint for failure to state a claim and provided plaintiff with an opportunity to amend. Dkt. No. 8.

[11] All unpublished decisions cited herein, unless otherwise indicated, are attached to this Report-Recommendation.

5

## A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact, it was supported by affidavits or other suitable evidence, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating the absence of disputed material facts by providing the court with portions of pleadings, depositions, and affidavits which support the motion. FED. R. CIV. P. 56 (c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 317, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing a genuine issue for trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). For a court to grant a motion for summary judgment, it must be apparent that no rational finder of fact could find in favor of the non-moving party. Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se

6

> submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law.

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191–92 (2d Cir. 2008).

### B. Eighth Amendment

A claim of cruel and unusual punishment in violation of the Eighth Amendment has both objective and subjective components. The subjective component focuses on the defendant's motive for his or her conduct (Hudson v. McMillian, 503 U.S. 1, 7-8 (1992)), and requires a showing that the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness'" in light of the particular circumstances surrounding the challenged conduct. Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999) (quoting Wilson v. Seiter, 501 U.S. 294, 299 (1991)); see, e.g., Sims v. Artuz, 230 F.3d 14, 21 (2d Cir.2000); Davidson v. Flynn, 32 F.3d 27, 30 & n.2 (2d Cir.1994). "Because sexual abuse of a prisoner by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir.1997). "[S]evere or repetitive sexual abuse of an inmate by a prison officer can be objectively serious enough to constitute an Eighth Amendment violation" because "no legitimate law enforcement or penological purpose can be inferred" from such conduct. Id. (citation and internal quotation marks omitted). However, minor, isolated incidents, even if inappropriate, will not normally state a valid cause of action under the Eighth Amendment. Id. For example, an isolated

7

incident of inappropriate touching that occurred during a search of a prisoner for contraband, even if true, does not constitute an Eighth Amendment violation. Id. at 861 (the episodes of touching may be despicable and potentially the basis for tort action, but do not involve a harm of federal constitutional proportions); see also Moncrieffe v. Witbeck, No. 97-CV-253 (NAM), 2000 WL 949457, at *5 (N.D.N.Y. June 29, 2000) (dismissing inmate's sexual harassment claim based on two incidents of improper touching during pat frisks as failing to state a cognizable Eighth Amendment claim). "Numerous courts in this Circuit have held that allegations of isolated sexual abuse during frisk searches do not implicate the Eighth Amendment." Hilson v. Maltese, 09-CV-1373 (NAM/ATB), 2012 WL 6965105, at *8 (N.D.N.Y. Dec. 14, 2012) (citations omitted).

In opposition to defendant's motion, plaintiff asserts that his, "[a]mended Complaint contains plausible facts where Defendant Simon Prindle violated Plaintiff's constitutional Eighth Amendment Rights, by subjecting him to malicious and sadistic acts of sexually motivated abuse and misconduct." Dkt. No. 52-1 at 3. Plaintiff also argues that he has sufficiently plead that he sustained an injury as a result of the pat frisk, to warrant denial of the motion. Dkt. No. 52-2 at 11. Although plaintiff's allegations were sufficient to survive the pleading stage, on a motion for summary judgment, plaintiff must come forward with competent, admissible evidence demonstrating a triable issue of fact for jury to resolve. FED. R. CIV. P. 56(a). Plaintiff has not met that burden.

This case involves a single instance of alleged sexual abuse by Prindle with conduct and actions that are not "objectively severe" when compared to the relevant caselaw. Compare, e.g. Jones v. Rock, No. 12-CV-447 (NAM/TWD), 2013 WL 4804500, at *19 (N.D.N.Y. Sept. 6, 2013) (the claim that the defendant "shoved his fingers between

8

plaintiff's buttock with force and that one of his fingers invaded the plaintiff's anus . . . and groped the plaintiff's genitals until the plaintiff screamed with pain" was insufficient to establish an Eighth Amendment claim); see also Excell v. Fischer, No. 08-CV-945 (DNH/RFT), 2009 WL 3111711, at *7 (N.D.N.Y. Sept. 24, 2009) (the claim that the defendant grabbed and squeezed the plaintiff's penis during a pat frisk was insufficient to state an Eighth Amendment claim); see also Davis v. Castleberry, 364 F. Supp. 2d 319, 321 (W.D.N.Y. 2005) (allegation that the defendant grabbed the plaintiff's penis during a pat frisk was insufficient to state a claim); see Harry v. Suarez, 10-CV-6756 (NRB) 2012 WL 2053533, *3 (S.D.N.Y. Jun. 4, 2012) (granting summary judgment dismissing claim that corrections officer "groped [plaintiff's] genitals, buttocks, and inner thighs for up to fifty three seconds in the course of a frisk"); Montero v. Crusie, 153 F.Supp.2d 368, 373, 375 (S.D.N.Y.2001) (granting summary judgment where plaintiff alleged that "on several occasions" corrections officer squeezed his genitals while pat-frisking him).

In a recent case in this District with strikingly similar facts, the Court held that the plaintiff failed to state an Eighth Amendment claim against the same defendant, Prindle. In Crawford v. Cuomo, No. 13-CV-406, (NAM/CFH), 2014 WL 897046, at *4 (N.D.N.Y. March 6, 2014), the plaintiff claimed that Prindle ran his hands down his chest area, grabbed the plaintff's penis and held it, pinned the plaintiff to the wall, pushed his knee in the plaintiff's back and grabbed the plaintiff's crotch area. The plaintiff further alleged that Prindle "squeezed and roamed with his hands around [the plaintiff's] penis and down his thigh." Id. The plaintiff admitted to being fully clothed during the incident and did not allege that Prindle touched him beneath his clothing. Id. The plaintiff did not allege that Prindle touched him with any part of his body except his hands, and briefly, his knee. Id. The

9

plaintiff also did not allege any penetration.  Id.  Noting that the plaintiff alleged only a single incident, which was not excessive in duration, the Court held, "[the plaintiff]'s claim is indistinguishable from the claims dismissed by numerous district courts in this Circuit on the ground that 'isolated instances . . . of fondling and groping' are not sufficiently severe to support an Eighth Amendment cause of action."  Id. (citing inter alia Castro–Sanchez v. N.Y.S. Dep't of Corr. Servs., No. 10 Civ. 8314, 2012 WL 4474154, *1 (S.D.N.Y. Sept. 28, 2012) (denying leave to amend complaint to add Eighth Amendment claim alleging that corrections officer pulled down the plaintiff's pants and groped his buttocks); see also Morrison v. Cortright, No. 04-CV-6209, 397 F.Supp.2d 424, 425 (W.D.N.Y. Nov. 9, 2005) (dismissing Eighth Amendment claim which included allegations that corrections officer rubbed his penis against the plaintiff's buttocks during strip frisk)).

Here, the facts surrounding Prindle' s pat frisk, are less objectively severe than the allegations by Crawford.[12]  In this matter, there was one incident, of limited duration, while plaintiff was fully clothed.  Prindle did not touch, fondle or grab plaintiff's penis.  While Prindle "pressed his body" against plaintiff's body, this brief and limited contact is not severe enough to rise to the level of a constitutional violation.  See, e.g., LaRocco v. N.Y.C. Dep't of Corrs., No. 99 CIV 9759, 2001 WL 1029044, at *5 (S.D.N.Y. Aug. 31, 2001) (holding that the claim that the defendant threw the plaintiff against the wall and pressed his body against the plaintiff's was not severe enough to be considered objectively serious) (citing Boddie, 105 F.3d at 859-60) (holding that the allegation that the defendant "pressed against" the plaintiff without consent, touched and verbally harassed the plaintiff was not

---

[12] In Crawford, the Court was presented with a motion to dismiss, not a motion for summary judgment.

10

objectively, sufficiently serious).

In opposition to the present motion, plaintiff relies upon Lewis v. Fischer, 08-CV-3027 (GJ/LB) 2009 WL 689803 (E.D.N.Y. Mar. 12, 2009), the case cited by the Court in the Order denying Prindle's motion for judgment on the pleadings. Dkt. No. 35. The Court cited Lewis and reasoned:

> . . . this is a motion for judgment on the pleadings; and, therefore, the Court must accept as true all of the well-pleaded factual allegations in Plaintiff's complaint. In light of these standards, the Court finds that Plaintiff has alleged sufficient facts to state a plausible Eighth Amendment claim against Defendant Prindle based on his alleged sexual assault of Plaintiff on November 11, 2011.

Dkt. No. 35 at 9-10.

Although Lewis offered support for denying defendant's motion on the pleadings, the motion presently before this Court is one for summary judgment and the Court is not required to accept the allegations in the amended complaint as true. See, e.g., Ryan v. New York State Thruway Auth., 889 F. Supp. 70, 75 (N.D.N.Y. 1995). "It is important to recognize the difference between disposing of the case on a motion to dismiss and resolving the case later in the proceedings." See McGuire v. Warren, 207 F. App'x 34, 35 (2d Cir. 2006) (on a motion to dismiss, the issue is not whether the plaintiff is likely to prevail but whether the plaintiff is entitled to offer evidence to support his claims) (citations omitted).

In Lewis, the Court denied the defendant's motion to dismiss, finding that the plaintiff sufficiently plead a cause of action for sexual abuse in violation of the Eighth Amendment. See Lewis, 2009 WL 689803, at *1. In this matter, the parties have had an opportunity to engage in discovery, and the record presently before the Court reveals important factual

11

dissimilarities between this action and the Lewis case. In Lewis, the Court noted that the plaintiff alleged that the defendant, "reached inside his pants and fondled his penis and squeezed his testicles causing severe pain." Id. at *5. Here, plaintiff admits that Prindle never reached inside his clothes and explicitly stated that Prindle did not touch his penis or squeeze his genitals. Dkt. No. 50-4 at 18. In Lewis, the search took place in a hallway and was not a routine search, but performed to harass and humiliate the plaintiff. See Lewis, at *5. Here, plaintiff testified that the search took place in the "search shack" in the presence of six or seven officers but plaintiff has not established, with competent evidence in admissible form, that the pat frisk was harassing or punitive in nature. Dkt. No. 50-4 at 8.[13] Finally, although plaintiff initially alleged that Prindle searched his groin and crotch for twenty minutes, plaintiff's deposition testimony belies that claim. See Dkt. No. 50-4 at 10. During his deposition, plaintiff admitted that the search of his body was no more than five minutes in length and the search of his groin, rectum and crotch area was "about two to three minutes." Id. Plaintiff explained that the entire search, from start to finish, was twenty minutes. Id. at 13.

Further fatal to plaintiff's claim is that plaintiff has not produced evidence that he sustained a sufficiently serious deprivation or injury as a result of the search. See Cox v. Malone, 199 F. Supp. 2d 135, 140 (S.D.N.Y. 2002) (holding that a scratched hand and alleged psychological injuries resulting from a pat frisk are de minimis). Plaintiff did not seek or receive any medication or treatment for mental health issues. Dkt. No. 50-4 at 39.

---

[13] In his submissions, plaintiff provides contradictory arguments. In his Memorandum of Law, plaintiff attempts to prove, citing documents that are not in proper evidentiary form, that the search was "random." However, in his affidavit, plaintiff admits that the search was "routine." See Dkt. No. 50-2 at 5; see also Dkt. No. 52-1 at 3.

12

Plaintiff claims that he suffered injury to his left pinky toe as well as mental distress as a result of the pat frisk, but he has not demonstrated any severe physical or psychological harm with competent admissible evidence. See Moncrieffe, 2000 WL 949457, at *5.

Plaintiff presents unsupported claims that Prindle, "has a long standing history (years) of sexually abusive behavior," and "fetish for sexually abusing prisoners. Which is well documented." Dkt. No. 52-1 at 2; Dkt. No. 52-2 at 10. However, the record is devoid of any evidence that Prindle ever abused plaintiff or any other inmate. Moreover, even assuming Prindle had been the subject of abuse complaints, plaintiff does not claim that he was the victim of any abuse by Prindle other than the single episode on November 11, 2011. Indeed, plaintiff admits he had no contact with Prindle prior to that date.

Plaintiff has not produced any evidence establishing that Prindle's search was anything more than a standard pat frisk or that Prindle "intentionally and forcibly inflicted unnecessary and wanton pain." The record demonstrates that the incident complained of in the amended complaint was an isolated incident and further, that Prindle's conduct and actions were not sufficiently severe to invoke the protections afforded by the Eighth Amendment. Thus, it is recommended that defendant's motion for summary judgment be granted.

## C.  Qualified Immunity

Prindle argues that even if plaintiff's Eighth Amendment claim is substantiated, he is nevertheless entitled to qualified immunity. Qualified immunity generally protects government officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d

13

211, 229-30 (N.D.N.Y. 2002) (J. McAvoy), aff'd 80 F. App'x 146 (2d Cir. 2003). However, even if the constitutional privileges "are so clearly defined that a reasonable public official would know that his actions might violate those rights, qualified . . . immunity might still be available . . . if it was objectively reasonable for the public official to believe that his acts did not violate those rights." Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991); Magnotti v. Kuntz, 918 F.2d 364, 367 (2d Cir. 1990) (internal citation omitted)). A court must first determine whether, if plaintiff's allegations are accepted as true, there would be a constitutional violation. Saucier v. Katz, 533 U.S. 194 (2001). Only if there is a constitutional violation does a court proceed to determine whether constitutional rights were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230.

Here, the second prong of the inquiry need not be addressed with respect to plaintiff's claims against Prindle because, as discussed supra, it has not been shown that Prindle violated plaintiff's constitutional rights. Accordingly, in the alternative, it is recommended that defendant's motion on this ground be granted.

### III. CONCLUSION

**WHEREFORE**, based on the findings set forth above, it is hereby:

**RECOMMENDED** that defendant's motion for summary judgment (Dkt. No. 50) be **GRANTED**.

**ORDERED** that copies of this Report-Recommendation and Order be served on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen

14

(14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: July 10, 2015
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge